UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANGELA ORBESEN, *et al.*, <br>     Plaintiffs, <br> v. <br> TENNESSEE VALLEY AUTHORITY, <br>     Defendant. | ) ) ) ) ) ) ) | No.: 3:09-CV-551 <br> (VARLAN/GUYTON) |
| GLENN DAUGHERTY, *et al.*, <br>     Plaintiffs, <br> v. <br> TENNESSEE VALLEY AUTHORITY, <br>     Defendant. | ) ) ) ) ) ) ) | No.: 3:09-CV-576 <br> (VARLAN/GUYTON) |
| WILLIAM D. DAVIS, *et al.*, <br>     Plaintiffs, <br> v. <br> TENNESSEE VALLEY AUTHORITY, <br>     Defendant. | ) ) ) ) ) ) ) | No.: 3:09-CV-577 <br> (VARLAN/GUYTON) |
| WALTER RUSSELL, *et al.*, <br>     Plaintiffs, <br> v. <br> TENNESSEE VALLEY AUTHORITY, <br>     Defendant. | ) ) ) ) ) ) ) | No.: 3:09-CV-580 <br> (VARLAN/GUYTON) |
| GARY TOPMILLER, *et al.*, <br>     Plaintiffs, <br> v. <br> TENNESSEE VALLEY AUTHORITY, <br>     Defendant. | ) ) ) ) ) ) ) ) | No.: 3:09-CV-581 <br> (VARLAN/GUYTON) |

# MEMORANDUM OPINION

These civil actions are before the Court on defendant Tennessee Valley Authority's ("TVA's") Motions for Entry of Judgment [Doc. 78], in which TVA moves the Court, pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, for entry of judgment in the above-captioned cases, in which plaintiffs have alleged only claims for personal injury and/or derivative loss of consortium against TVA. Plaintiffs have not responded and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2.

In September 2010, TVA filed a motion for summary judgment on plaintiffs' tort and inverse condemnation claims on grounds of no causation (the "no causation motions") in all pending actions in this litigation. In those motions, TVA sought summary judgment on grounds that plaintiffs had failed to demonstrate that actionable, nondiscretionary conduct by TVA caused plaintiffs' alleged injuries and damages. On August 2, 2011, the Court issued a memorandum opinion and order granting in part and denying in part the relief sought by TVA in the no causation motions and entered summary judgment in TVA's favor as to all personal injury, emotional distress, and inverse condemnation alleged by plaintiffs [Doc. 77, p. 46-46]. *In re TVA Ash Spill Litig.*, — F. Supp. — , — , 2011 WL 3328413, at * 23 (E.D. Tenn. Aug. 2, 2011). In the instant motions, TVA submits that because plaintiffs in the above-captioned cases only assert claims for personal injuries and/or claims for loss of consortium derivative of those alleged personal injuries, TVA is entitled to summary judgment based on the Court's rulings in the August 2, 2011 memorandum opinion and order

and thus, entry of judgment in favor of TVA, pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, is proper.

Federal Rule of Civil Procedure 58(d) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). Accordingly, upon review and in light of the Court's August 2, 2011 memorandum opinion and order and the absence of any reason why separate judgments should not issue, the Court will **GRANT** TVA's motions [Doc. 78] and will enter judgment in TVA's favor in the above-captioned cases.  Appropriate orders will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE